UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CHARLES HIGGS, | : | |
| Petitioner, | : | Civ. No. 07-191 |
| v. | : | MEMORANDUM OPINION |
| UNITED STATES OF AMERICA, | | |
| Respondent. | : | |

**BROWN, Chief Judge**

This matter comes before the court upon the motion of *pro se* petitioner Charles Higgs ("Higgs" or "Petitioner") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The Court has reviewed the parties' submissions and decided the matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court will deny Petitioner's motion.

**I.    BACKGROUND**

On October 29, 2004, Petitioner pleaded guilty to one count of conspiracy to distribute more than 5 grams of crack cocaine in violation of 21 U.S.C. § 846. (Gov't Answer, Ex. C ("Plea Hearing Transcript") at 10:11-15, 14:13-15.) At Petitioner's sentencing hearing on January 5, 2005, his counsel ("Counsel") argued that he would move for downward departure based on over-representation of criminal history if the Court designated Petitioner as a career offender. (Id., Ex. B ("Sentencing Hearing Transcript") at 3:5-13.) The Court, however, agreed that Petitioner's circumstances did not merit career offender status. (Id. at 2:11-17) Counsel then argued, in the alternative, that the alleged over-representation of criminal history supported

a sentence in the bottom of Petitioner's guideline range.  (Id., at 3:7-16.)  Petitioner's Presence Report had calculated his guideline range to be 151-180 months.  (Id., Ex. A ("Presentence Report") at ¶ 164).  Having heard the parties' arguments, the Court found that the Petitioner's Criminal History Category of 4 accurately represented the seriousness of his offenses, and sentenced Petitioner to a term of 156 months that it described as "the lower middle end of the range."  (Id., Ex.. B at 8:17-9:7.)

On January 14, 2005, Petitioner filed a motion to correct his sentence under Federal Rule of Criminal Procedure 35(a).  (Petr.'s Br. 4; Gov't Answer 2.)  That motion was denied on January 24, 2005.  (Pet.'r Br. 4; Gov't Answer 2.)  On January 12, 2007, Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  (Docket Entry No. 1.)  Respondent ("the Government") opposes the motion. (Docket Entry No. 7.)

**II.    DISCUSSION**

    **A.    Standard**

Under section 2255 of Title 28 of the United States Code,

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that his sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.   This section may not, however, be used to relitigate questions which were raised and considered on direct appeal.  United States v. DeRewal, 10 F.3d 100, 105 n.4 (3d Cir. 1986), (quoting Barton v. United States, 791 F.2d 265, 267 (2d Cir. 1986), *cert. denied*, 511 U.S.

1033 (1994).  To obtain collateral relief, a petitioner who fails to raise an objection both at trial and on direct appeal must show "cause" excusing his procedural default and "prejudice" resulting from the alleged error.  United States v. Frady, 456 U.S. 152, 167 91982); Henry v. United States, 913 F. Supp. 334, 335 (M.D. Pa. 1996), *aff'd*, 96 F.3d 1435 (3d Cir. 1996); United States v. Essig, 19 F.3d 968, 979 (3d Cir. 1994) (holding that the "cause and prejudice" standard also applies to § 2255 claims brought by a petitioner who has not directly appealed his sentence.)  However, the standard does not apply to an ineffective assistance claim raised for the first time in a collateral attack.  DeRewal, 10 F.3d at 104-105.[1]

### B.   Application

Petitioner submits that he is entitled to a modification of his sentence under 28 U.S.C. § 2255 on the grounds that his counsel was ineffective in; (i) failing to move for a downward departure under § 4A1.3(b), and (ii) failing to rectify the Court's misapprehension of the proper guideline range.  Petitioner argues that his counsel's ineffectiveness violated his constitutional rights.  The Court disagrees.

The cause of action for ineffective assistance of counsel is rooted in the Sixth Amendment right to counsel, which exists "in order to protect the fundamental right to a fair trial." Strickland v. Washington, 466 U.S. 668, 684 (1984).  To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate:

---

[1] In applying this standard, the Court is mindful of the "well-established principle that a *pro se* prisoner's pleadings should be held to less stringent standards of specificity and their complaints construed liberally." Lewis v. Attorney General of U.S., 878 F.2d 714, 722 (3d Cir. 1989); *see also* United States v. Garth, 188 F.3d 99, 108 (3d Cir. 1999).

> [f]irst, . . . that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Strickland, 466 U.S. at 687.

In the first part of the Strickland test, the inquiry is whether counsel's performance was reasonable, considering the totality of the circumstances. Id. at 688. The Sixth Amendment does not specify what constitutes effective counsel. Instead, courts rely upon prevailing professional norms, such as those set out by the American Bar Association, to determine an objective standard of reasonableness. Id. Moreover, great deference is given to counsel's performance, in an effort to combat the "distort[ing] effects of hindsight." Id. at 689. Therefore, a petitioner must overcome the strong presumption that counsel's performance falls within the broad spectrum of reasonable professional assistance. Id.; *see also* Buehl v. Vaughn, 166 F.3d 163, 169 (3d Cir. 1999); Sistrunk v. Vaughn, 96 F.3d 666, 670 (3d Cir. 1996). Under the properly deferential standard, rarely will a claim of ineffective counsel succeed. United States v. Gray, 878 F.2d 702, 711 (3d Cir. 1989).

The second part of the Strickland test requires that a petitioner also demonstrate that counsel's deficient performance prejudiced the defense. Buehl, 166 F.3d at 169. Applying Strickland, the Supreme Court has emphasized that the benchmark for determining prejudice is whether the result of the proceeding was fundamentally unfair or unreliable. Lockhart v. Fretwell, 506 U.S. 364, 369 (1993). Prejudice results when counsel's errors disturb "the adversarial balance between defense and prosecution" to such a degree that the verdict cannot be

4

trusted as a reliable outcome of the proceeding. Kimmelman v. Morrison, 477 U.S. 365, 374 (1986). A petitioner must therefore demonstrate that there is a reasonable probability that the result of the proceeding would have been different, but for counsel's unprofessional errors. Strickland, 466 U.S. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id.; United States v. Smack, 347 F.3d 533, 540 (3d Cir. 2003). To prevail on his claim of ineffective counsel, Petitioner must satisfy both prongs of the Strickland test. Carpenter v. Vaughn, 296 F.3d 138, 149 (3d Cir. 2002).

> i.  *Failure to Move for Downward Departure Under § 4A1.3(b)*

Section 4A1.3(b) of the United States Sentencing Guidelines permits the court to exercise discretion to depart downward "where a defendant's criminal history category 'significantly over-represents' the seriousness of the defendant's past conduct and future threat to society." United States v. Shoupe, 988 F.2d 440, 447 (3d Cir. 1993) (citing U.S.S.G. § 4A1.3, United States v. Beckham, 968 F.2d 47, 55 (D.C. Cir. 1992)); *see also* United States v. Pinckney, 938 F.2d 519, 521 (4th Cir. 1991) (holding that § 4A1.3(b) permits downward departure from career offender status). Petitioner contends that Counsel's failure to raise the issue of downward departure at his sentencing hearing deprived him of the opportunity to have the Court exercise its discretion to reduce his sentence. Petitioner believes he was assigned a guideline range of 151-188 months instead of a range of 108-135 months as a result of that alleged failure, and that his sentence is approximately 46 months longer than it would have been had he received a downward departure.

Petitioner is unable to establish that Counsel's performance was deficient under Strickland, since Counsel did in fact raise the issue of downward departure at Petitioner's sentencing hearing:

> Counsel: I originally submitted an argument to your Honor that if my client were to be ruled as a career offender–
> Court: –that I should downwardly depart based on an over-representation of criminal history–do you still take that position?
> Counsel: I take that position. It's an alternative argument, but I wanted to advance those arguments with respect to why my client should get the bottom of the [sentencing] range . . .

(Gov't Answer, Ex. B at 3:7-16.) The Court clearly understood the request for downward departure and considered it when deciding Petitioner's sentence, stating:

> [W]hen you look at the offenses that we have here he fairly represents a Criminal History Category of 4. He has certainly been a very serious criminal for a substantial period of time and is going to get a very serious sentence no matter what I do within the range.

(Id. at 8:18-22.) Petitioner's suggestion that Counsel failed to raise the issue of downward departure is therefore unavailing.

Even if Counsel had erred in failing to raise the issue, Strickland's prejudice prong is not met since Petitioner cannot demonstrate that there is a reasonable probability that the Court would have granted downward departure. There is little evidence to support the proposition that his Criminal History Category substantially over-represents the seriousness of his past conduct. Petitioner's criminal history contains seven convictions in the eight years preceding his 2004 arrest for the instant offense, including two felony convictions. (Gov't Answer, Ex. A at ¶¶ 115-129.)[2] The two felony convictions contributed five criminal history points to his record, for a total of seven criminal history points (Id. at ¶¶ 123, 125, 130.) This raises Petitioner to a Criminal History Category of 4. 18 U.S.C. § 5A, Table 2. Petitioner asserts that the five criminal

---

[2] The 1999 felony conviction was for distributing a controlled substance within 1000 feet of a school and the 2000 felony conviction was for criminal sexual contact, which led to his registration as a sex offender under Megan's Law. (Gov't Answer, Ex. A at ¶¶ 113, 123, 125.)

history points from his felony convictions boosted his sentencing guideline range from 108-135 months to 151-188 months. (Pet'r Br. at 8-9)[3].

According to the commentary to Section 4A1.3(b), downward departure may be warranted: "[i]f, for example, the defendant had two minor misdemeanor convictions close to ten years prior to the instant offense and no other evidence of prior criminal behavior in the intervening period." U.S.S.G. § 4A1.3, Commentary, App. Note 3. Petitioner's record, by contrast–with two felony convictions within five years preceding arrest for the instant offense, accompanied by misdemeanor convictions before and after the felony convictions–appears to rule out downward departure in this case. Indeed, departure under § 4A1.3 is "reserved for the truly unusual case." Shoupe, 988 F.2d at 447 (citing Pinckney, 938 F.2d at 521). There is no evidence in the record to suggest that the Court would have granted a motion for downward departure under § 4A1.3(b). Mr. Higgs' sentencing would therefore not have been prejudiced even if Counsel had failed to argue for downward departure.

      ii.      *Failure to Rectify the Court's Misapprehension of the Proper Guideline Range*

Petitioner bases his second claim of ineffective assistance on the sentencing hearing transcript, which incorrectly states that Petitioner's guideline range was 155-188 months. Petitioner contends Counsel was ineffective for failing to rectify the court's misapprehension of the proper guideline range, which was actually 151-180 months.

---

[3] The U.S.S.G. sentencing tables, however, show a smaller increase. Without the five points from his two felony convictions, Petitioner's two remaining criminal history points yield a Criminal History Category of 2. Given the same offense level of 31, the tables calculate a sentencing range of 121-151 months, not 108-135 months. U.S.C. § 5A Tables 1-2.

Upon reviewing the audiotape of the sentencing hearing, it is clear that the Court used the proper guideline range of 151-180 months and that the "155-180" range referenced in the transcript is simply the result of a typographical error. (Gov't Answer, Ex. D.) Petitioner's second claim of ineffective counsel is therefore groundless.

### III.   CONCLUSION

For the reasons stated herein, Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is denied and dismissed with prejudice. An appropriate form of Order accompanies this Opinion.

Dated: June 16th, 2008

      s/ Garrett E. Brown, Jr.     
GARRETT E. BROWN, Jr., U.S.D.J.
